PETER CONNELLY, Respondent, *v.* THE STEAMBOAT BEE, Appellant.

*Courts — Jurisdiction — Boats and Vessels — Admiralty.* — Where the cause of action by a mariner for wages, for services rendered on the boat, accrues beyond the territorial jurisdiction of this State, the contract is within the exclusive jurisdiction of the admiralty, and the mariner cannot maintain an action against the boat in our courts.

*Appeal from St. Louis Circuit Court.*

*Lackland* and *Martin,* for respondent.

I. The desertion of the boat during the voyage by the defendant, without just cause, created a forfeiture of all wages antecedently due him ; and the defendant's first instruction, which was fitted to the facts, should have been given—3 Kent, 197.

II. The instruction given by the court at plaintiff's instance was erroneous. It applied the rule of forfeiture only to wages earned after leaving the last port. This a most unreasonable construction of the law and is virtually a rescission of the principle of the forfeiture of wages by a seaman for desertion of his ship without cause in a time of peril and danger, when applied to the navigation of our inland seas or lakes and navigable rivers.

By the well settled principles of maritime law, where seamen, employed for a voyage or by the month, voluntarily leave the vessel before the termination of the voyage, or the expiration of the time for which they were hired, without good cause, or the consent of the master, they will thereby forfeit the wages previously earned—The Swallow, Olcott Adm. 4; The Hudson, Olcott Adm. 396 ; Cloutman v. Dennison, 1 Sumner, 373 ; 3 Kent Com. 198.

*Jecko & Clover,* for appellant.

HOLMES, Judge, delivered the opinion of the court.

This was a suit for wages under the statute concerning Boats and Vessels. It appears from the evidence that the boat belonged to the port of Pittsburg, and was employed in making voyages from that port to Cairo, New Orleans and St. Louis; that the plaintiff was hired as a deck hand at Cairo, and that on a second voyage from that place to Louisville, after a service of about ten days, he voluntarily, and without any good cause, quit the boat in the midst of her trip, at some distance below Louisville. He now sues the boat in the port of St. Louis for his wages during the time he served.

The boat was a vessel belonging to another port. The contract was made and the cause of action arose on the river beyond the territorial jurisdiction of this State. It is a maritime contract within the exclusive jurisdiction of the Admiralty—2 Pars. on Mar. Law, 509; 3 Black. Com. 106; 2 Brown's Civ. & Adm. Law, 72–80; St. Bt. Swallow, Olcott, 4; Curtis on Merchant Seamen, 345–50. We think it is very clear that this proceeding *in rem* against the boat in this port under the statute, in a case of this kind, falls within the decision of the Supreme Court of the United States in the case of the St. Bt. Ad. Hine v. Trevor (Dec. T. 1866), and cannot be sustained—De Lovio v. Boit, 2 Gall. 453; Ramsey v. Allegre, 12 Wheat. 611.

Judgment reversed and the petition dismissed. The other judges concur.